UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00577-RJC

| | |
|---|---|
| THE MANVILLE TRUST MATCHING CLAIMANTS, ) ) ) Appellants, ) ) v. ) DBMP, LLC, ) ) Appellee. ) ) ) ) ) | **ORDER** |

**THIS MATTER** is before the Court on appeal from an order of the Bankruptcy Court for the Western District of North Carolina denying Appellants' request to litigate this action anonymously, (Doc. No. 1-1), and a Motion to Stay Pending Appeal of that order. (Doc. No. 2). Because the Bankruptcy Court exercised appropriate discretion in finding that Appellants demonstrated no "exceptional circumstances" necessary to proceed anonymously, the order of the Bankruptcy Court, (Doc. No. 1-1), is **AFFIRMED** and Appellants' Motion to Stay Pending Appeal, (Doc. No. 2), is **DENIED AS MOOT**.

I. BACKGROUND

Appellants, the Manville Trust Matching Claimants, are several thousand plaintiffs who settled mesothelioma claims with Appellee DBMP (or Appellee's predecessor, CertainTeed Corporation) before DBMP filed bankruptcy in January 2020. (Doc. Nos. 7, 8). The instant matter stems from a subpoena DBMP served on the Manville Personal Injury Settlement Trust, against which Appellants have also asserted claims for recovery. That subpoena sought to identify plaintiffs who asserted claims against both DBMP and the Manville Trust – the "Matching

1

Claimants" – and to collect several categories of information that Appellants characterize as "confidential and sensitive" and "highly personal:" (1) the claimant's law firm; (2) the date they filed a claim against the Manville Trust; (3) the date the Manville Trust approved the claim (if approved); (4) the date the Manville Trust paid the claim (if paid); (5) if not paid or approved, the status of the claim; and (6) the details regarding the product exposure underlying the claim against the Manville Trust. (Doc. No. 7, at 6-7; Doc. No. 8, at 5).

Not wishing to provide the above information or have their names connected to it, Appellants filed a Motion to Proceed Anonymously and a Motion to Quash the subpoena. After some procedural maneuvers (this action was originally filed in the Eastern District of Virginia and later transferred to the Western District of North Carolina), the Bankruptcy Court denied both the Motion to Proceed Anonymously and the Motion to Quash, ordering the Matching Claimants to identify themselves by full name and provide the subpoenaed information. (Doc. No. 1-1). In so ordering, the Bankruptcy Court afforded Appellants thirty-one days to identify themselves, during which time they might seek a stay from this Court pending appeal. The Matching Claimants appealed the Bankruptcy Court's order denying anonymity, sought a stay, and complied with the subpoena.[1] (Doc. Nos. 1, 2). Though the thirty-one days have long passed, Appellants have yet to identify themselves before this Court or any other, and the issue is now ripe for review.[2]

---

[1] Appellants are prohibited from appealing the Motion to Quash at this time because it is an interlocutory discovery order, not a final order for purposes of 28 U.S.C. § 158(a). They note, however, that they plan to appeal the denial of the Motion to Quash when that order is final and that they intend to "seek an order from the appellate court ordering DBMP to remove the subpoenaed information from its databases." (Doc. No. 7, at 9).

[2] In the interest of judicial efficiency, and in its discretion, the Court will address this appeal on its merits, rather than dismissing the appeal for Appellants' failure to identify themselves. *See* Bankruptcy Rule 8003(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or [Bankruptcy Appellate Panel] to act as it considers appropriate, including dismissing the appeal.").

## II. STANDARD OF REVIEW

This Court has jurisdiction over "final judgments, orders, and decrees ... and with leave of court, from interlocutory orders and decrees, of bankruptcy judges...." 28 U.S.C. § 158(a). Courts take a pragmatic view of finality in the bankruptcy context, such that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (citation omitted). Orders denying motions for anonymity are one such type of immediately appealable order. *See James v. Jacobson*, 6 F.3d 233, 236-38 (4th Cir. 1993).

When considering an appeal from the bankruptcy court, this Court is bound review the bankruptcy court's "legal conclusions de novo, its factual findings for clear error, and any discretionary decisions for abuse of discretion." *Copley v. United States*, 959 F.3d 118, 121 (4th Cir. 2020). As "[t]he decision whether to permit parties to proceed anonymously is … committed in the first instance to trial court discretion," this Court's review on appeal is "under the familiar abuse of discretion standard." *Jacobson*, 6 F.3d at 239; *see also Copley*, 959 F.3d 118, 121 ("In reviewing the judgment of a district court sitting in review of a bankruptcy court, we apply the same standard of review that was applied by the district court.").

A bankruptcy court may abuse its discretion in a variety of ways, but the most glaring abuse is "a failure or refusal, either express or implicit, actually to exercise discretion, deciding instead as if by general rule, or even arbitrarily, as if neither by rule nor discretion." *Jacobson*, 6 F.3d at 239. A lower court might also miss the mark by failing to adequately "take into account judicially recognized factors" relevant to a decision, or by engaging in an exercise of flawed factual or legal premises. *Id.*; *see also Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (abuse of discretion occurs where the lower court's "conclusion is guided by erroneous legal principles ...

3

or rests upon a clearly erroneous factual finding."); *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 506 (4th Cir. 1977) (reviewing court "is obligated to consider the full record as well as the reasons assigned by the Trial Court for its judgment, and to reverse the judgment below, if after such review, the appellate court has a definite and firm conviction that the court below committed a clear error of judgment.").

### III. DISCUSSION

The Bankruptcy Court exercised appropriate discretion in denying Appellants' Motion to Proceed Anonymously. As a general rule, judicial proceedings are open because the public has an interest in "full disclosure and openness," and the names of litigants are not exempt from that general rule. *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) ("The public has an interest in knowing the names of the litigants, and disclosing the parties' identities furthers openness of judicial proceedings.") (internal citations omitted); *Id.* ("The Federal Rules of Civil Procedure require that the identities of the parties to a case be disclosed.") (citing Fed. R. Civ. P. 10(a)).

In certain scenarios, however, "privacy or confidentiality concerns" can be "sufficiently critical" to warrant anonymity. *Jacobson*, 6 F.3d at 238. But because "[p]seudonymous litigation undermines the public's right of access to judicial proceedings," *Pub. Citizen*, 749 F.3d at 273, anonymity is a tool of "rare dispensation" in the belt of a trial court's discretion. *Jacobson*, 6 F.3d at 238. Whether such rare dispensation is warranted depends on several nonexclusive factors:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the ages of the person whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* Using these "*Jacobson*" factors, a trial court must balance the public's interest in openness with the litigant's stated need for anonymity, and the scales will tip toward anonymity only under appropriate circumstances. *Id.*; *Pub. Citizen*, 749 F.3d at 274.

Under these factors and "the familiar abuse of discretion standard," the decision of the Bankruptcy Court is affirmed. The Bankruptcy Court committed no "clear error of judgment"; indeed, it exercised sound and well-reasoned discretion, considering arguments from each side and applying the Fourth Circuit's *Jacobson* jurisprudence as required. *See Wilson*, 561 F.2d at 506 (outlining "clear error of judgment" standard for abuse of discretion); *Jacobson*, 6 F.3d at 239 (failing to adequately "take into account judicially recognized factors" is abuse of discretion).

In denying the motion for anonymity, the Bankruptcy Court noted the "strong, strong preference … contemplated both in the Rules and the case law … that parties are identified on the record," and cited the court's "independent duty … [to] keep open proceedings." (Doc. No. 7-1, at 1028-29). Such characterization is accurate. *See Pub. Citizen*, 749 F.3d 246, 273 ("[A] district court has an independent obligation to ensure that extraordinary circumstances support [anonymity] by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party."); Fed. R. Civ. P. 10(a) ("The complaint must name all the parties….").

Applying the *Jacobson* factors specifically, the Bankruptcy Court acknowledged that Appellants failed to demonstrate any extraordinary circumstances "largely for the reasons that have been argued by the Debtor," (Doc. No. 7-1, at 1028); that is, a comprehensive lack of evidence on either the "risk of retaliatory physical or mental harm" Appellants would suffer or the matters of "sensitive and highly personal nature" Appellants claim are at issue. (Doc. No. 7-1, at 1000 (Appellee's *Jacobson* discussion)). Where the party wishing to proceed anonymously fails "to

5

Case 3:22-cv-00577-RJC    Document 15    Filed 08/22/23    Page 5 of 10

identify any exceptional circumstances that justify the use of a pseudonym," the trial court is justified in requiring the parties to identify themselves, and the trial court was so justified here. *Pub. Citizen*, 749 F.3d at 275.

The Manville Claimants rest their arguments – both before the Bankruptcy Court and now on appeal before this Court – on a remote fear: that once they provide their names, DBMP might mishandle or fail to protect their information, thus exposing them to identity theft, to which they are especially vulnerable as an elderly group. At least one court has been persuaded by similar arguments. In *In Re Aldrich Pump, LLC, et al.*, the District Court for the District of Columbia allowed certain Manville Injury Settlement Trust claimants to anonymously quash a subpoena served in asbestos litigation with Aldrich Pump, LLC (the underlying bankruptcy matter in that case, 20-BK-30608 (JCW) (U.S. Bankr. W.D.N.C.), is pending in this District's Bankruptcy Court). *In Re Aldrich Pump, LLC, et al.*, 1:22-mc-00080-TJK-RMM, Doc. No. 3, at *5-6 (D.D.C. Aug. 25, 2022). After a review of the *Jacobson* factors, the D.C. District Court found that the risk of aggregating certain personal data, along with the advanced ages of many claimants and a low risk of unfairness to Aldrich Pump, warranted anonymous litigation. *Id.* at *5.

Appellants note the D.C. District Court's influence on two related cases in the Western District of North Carolina, *In re Aldrich Pump, LLC*, No. 3:23-cv-99-MOC, 2023 WL 3108509 (W.D.N.C. Apr. 26, 2023) (Cogburn, J.), and *Non-Party Certain Matching Claimants v. Aldrich Pump LLC*, No. 3:23-cv-144-FDW, 2023 WL 4853391 (W.D.N.C. July 28, 2023) (Whitney, J.). In each, the Western District of North Carolina granted the Matching Claimants' motions to stay pending appeals of motions for anonymity, in part because the Matching Claimants showed a likelihood of success based on the D.C. District Court's decision in the "parallel" proceeding. *In re Aldrich Pump, LLC*, 2023 WL 3108509, at *2; *Aldrich Pump LLC*, 2023 WL 4853391, at *3.

6

Those issues, Appellants claim, are "nearly identical to those … before this Court." (Doc. No. 11, at 2). Though the cases are comparable in some ways, the differences that do stand between the case *sub judice* and the *Aldrich Pump* litigation are sufficient to drive a different result. In the *Aldrich Pump* litigation, the underlying subpoena sought more far invasive information than does the DBMP subpoena, including claimants' names and Social Security Numbers, along with the names and Social Security Numbers of some family members. *In Re Aldrich Pump, LLC, et al.*, 1:22-mc-00080-TJK-RMM, Doc. No. 3, at *2. Here, on the other hand, Appellee "deleted from its request all of the data fields requiring production of personal identifying information regarding any claimant," (Doc. No. 7-1, at 42), and to protect information Appellee did already have access to, including a database with personal identifying information, the Bankruptcy Court required the experts charged with analyzing the subpoenaed information "to never combine the personal identifying information [in the database] with the data produced by Manville." (Doc. No. 7-1, at 1009).

Moreover, the D.C. District Court settled the *Aldrich Pump* anonymity motion on a conditional basis, *In Re Aldrich Pump, LLC, et al.*, 1:22-mc-00080-TJK-RMM, Doc. No. 3, at *1 (ruling "subject to any further consideration by the United States District Judge to whom this case is randomly assigned"), and without the benefit of a Bankruptcy Court's decision or the balance of opponent briefing. Instead, when the Manville Claimants filed their Motion to Proceed Anonymously in the D.C. District Court, the motion was assigned by local rule to Chief Judge Howell, who reviewed the Claimant's arguments de novo and issued her decision. *Id.* at *1 n.1.

Here, by contrast, this Court acts not as an initial arbiter but as a guardrail – again, the decision of the Bankruptcy Court in this matter will stand unless, under the "familiar abuse of discretion standard," the Bankruptcy Court refused to exercise discretion, failed to apply the

7

appropriate factors, or rested its decision upon erroneous legal or factual grounds. *Jacobson*, 6 F.3d at 239; *Westberry*, 178 F.3d at 261.

Finally, the issue of anonymity here was "committed in the first instance to trial court discretion," and even if the cases before the Bankruptcy Court and the D.C. District Court were identical – which they are not – the fact that the Bankruptcy Court exercised its discretion in a manner different from the D.C. District Court would not mean the Bankruptcy Court abused its discretion. *See Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008) ("The 'deference that is the hallmark of abuse-of-discretion review,' is deference enough to appreciate reasonable disagreement.") (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997)); *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991) ("Even where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior resolution of those claims does not bar reconsideration by this Court of similar contentions. The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another. Where a second judge believes that a different result may obtain, independent analysis is appropriate.") (cleaned up). Thus, Appellants' *Aldrich Pump* comparisons alone are insufficient to show that the Bankruptcy Court abused its discretion.[3]

In the same vein, Appellants argue that this Court should review the Bankruptcy Court's decision de novo, rather than for abuse of discretion, as the Bankruptcy Court "applied the five

---

[3] Appellants argue: (1) the data is "personal and private," as "Chief Judge Howell … deemed"; (2) according to "Chief Judge Howell's analysis," the risk of harm in mishandled information is "real and substantial"; (3) Appellants' advanced ages make them especially vulnerable, and "Chief Judge Howell agreed with this very same reasoning"; (4) Appellee is non-governmental, and "the [D.C. District Court] reasoned that this factor weighed in favor of anonymity"; and (5) Appellee will suffer no prejudice because, as "the D.C. District Court determined," Appellee simply does not need the subpoenaed information. (Doc. No. 7, at 14-20).

8

Case 3:22-cv-00577-RJC   Document 15   Filed 08/22/23   Page 8 of 10

[*Jacobson*] factors … and improperly concluded that the Appellants did not meet that standard," which amounts to an improper legal conclusion. (Doc. No. 10, at 4); *see Copley*, 959 F.3d at 121 (noting a district court will review a bankruptcy court's "legal conclusions de novo"). Appellants are mistaken. The Fourth Circuit applies the same standard of review to district court decisions as the district court does to bankruptcy decisions, *Copley*, 959 F.3d at 121, and the Fourth Circuit reviews anonymity decisions "of course under the familiar abuse of discretion standard." *Jacobson*, 6 F.3d at 239. The decision is not a legal conclusion, but an exercise of discretion.

Finally, Appellants argue that even under an abuse of discretion review, the Bankruptcy Court erred because it mischaracterized Appellants' reason for proceeding anonymously as an attitude that "we just don't want to have that information out there," rather than Appellants' true reasons related to their claimed risk of harm and their advanced ages. (Doc. No. 7-1, at 1029). The Bankruptcy Court's summary of Appellants' position was not the only basis on which it rested its decision, however. Here, the Bankruptcy Court found that Appellants offered no balancing factor – "even if there was factual evidence to support it" – to offset the public's interest and the court's duty in openness, (Doc. No. 7-1, at 1029), because Appellants offered no evidence that they would suffer "retaliatory physical or mental harm," or that the information they seek to protect is "sensitive and highly personal." *See Pub. Citizen*, 749 F.3d at 275 (where the party wishing to proceed anonymously fails "to identify any exceptional circumstances that justify the use of a pseudonym," the trial court is justified in requiring the parties to identify themselves).

That finding was correct. Appellants' risk of harm is merely speculative, and the information they seek to protect is that often shared in litigation: dates claims were filed, law firms representing litigants, and the outcomes of certain cases. Against this backdrop, the Bankruptcy Court's finding engenders in this Court no "definite and firm conviction that the court below

9

committed a clear error of judgment," and therefore, the decision of the Bankruptcy Court is affirmed. *Wilson*, 561 F.2d at 506.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Bankruptcy Court's "Order Denying Manville Matching Claimants' Motion to Proceed Anonymously," (Doc. No. 1-1), is **AFFIRMED**;

2. Appellants' Motion to Stay Pending Appeal, (Doc. No. 2) is **DENIED AS MOOT**; and

3. The Clerk is respectfully directed to close this case.

Signed: August 22, 2023

Robert J. Conrad, Jr.
United States District Judge